**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendell Harris,            )<br>                           )<br>         Plaintiff,        )<br>                           )<br>vs.                        )<br>                           )<br>                           )<br>United States Postal Service, et al.,  )<br>                           )<br>         Defendant.        )<br>_____) | No. CV-11-2007-PHX-GMS<br><br>**ORDER** |

      Pending before the Court are Defendants' Motion to Dismiss and Motion for Entry of Judgment. (Docs. 5, 7). For the reasons discussed below, the motions are granted and this lawsuit is dismissed.

### BACKGROUND

      On or about May 24, 2011, Plaintiff mailed $8,000 in cash via Defendant United States Postal Service's ("USPS") Express Mail service from Cleveland, Ohio to Edward Blackshear in Mesa, Arizona. (Doc. 1-1, Ex. C). Investigators with USPS seized the currency, and USPS notified Plaintiff on July 14, 2011 that the property had been seized. (Doc. 1-1, Ex. D). USPS informed Plaintiff that he could challenge the forfeiture by filing a claim of ownership by August 18, 2011 or request a pardon of the property by filing a petition by August 28, 2011. (*Id.*) The letter emphasized that a petition or other correspondence "shall be deemed filed with the U.S. Postal Inspection Service when received." (*Id.*). On August 17, petitioner sent one document labeled "Claim" by Express

1  Mail and another document labeled "Petition" by certified mail to USPS challenging the
2  forfeiture of the money. (Doc. 1-1, Ex. F). Aside from their titles, the documents were
3  essentially identical (Doc. 5-1, Exs. 2, 3). The documents were each received at USPS on
4  August 22, at which point the "Claim" was deemed to be untimely and the petition was
5  processed and ultimately denied. (Doc. 1 ¶ 18).

6  Plaintiff brought this suit seeking return of the $8,000 and other relief, claiming that
7  USPS's actions were arbitrary and capricious, that USPS violated the Civil Asset Forfeiture
8  Reform Act of 2000 ("CAFRA"), and that Plaintiff was denied due process of law under the
9  Fifth Amendment. (Doc. 1 ¶¶ 19–37).

10  Defendants USPS and Defendant United States Postal Service Office of the Inspector
11  General ("USPSOIG") filed a motion to dismiss for failure to state a claim on December 16,
12  2011. (Doc. 5). Plaintiff, who is proceeding pro se, did not file a responsive memorandum
13  in a timely fashion and was ordered by the Court on February 7, 2012 to file a response by
14  February 21, 2012. (Doc. 6). Plaintiff did not do so, and Defendants moved for an entry of
15  judgment on February 22. (Doc. 7).

**DISCUSSION**

**I.   Legal Standard**

To survive dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Local Rule of Civil Procedure 7.2 provides that a party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may

dispose of the motion summarily." LRCiv 7.2(i). This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers).

## II.    Analysis

Plaintiff has failed to file a response to Defendants' motion to dismiss despite being warned in an order that failure would be deemed a waiver and would result in dismissal of this lawsuit. Defendants contend that Plaintiff's claim was untimely because the letter USPS sent notifying Plaintiff of the relevant dates made clear that timeliness is measured by the date USPS receives the claim, not the date it was mailed. (Doc. 1-1, Ex. D). It further notes that Plaintiff was not denied due process regarding his petition, because his petition was considered and rejected under 18 U.S.C. § 983(f) (2006). (Doc. 5 at 8).

Although facts alleged in the complaint must be taken as true for the purposes of a motion to dismiss, Plaintiff has not responded to Defendants's motion, and therefore has conceded their argument. LRCiv 7.2(I). Plaintiff was notified that he had to respond to the motion and his deadline was extended by this court. He has not responded, and his complaint is summarily dismissed.

**IT IS THEREFORE ORDERED:**

1.    Defendant's Motion to Dismiss (Doc. 5) and Motion for Entry of Judgment (Doc. 7) are **granted**.

2.    The Clerk of Court is directed to **terminate this action**.

DATED this 17th day of April, 2012.

_G. Murray Snow_
United States District Judge

- 3 -